-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH FARREN,

        Plaintiff,

        -v-

SHAW ENVIROMENTAL,

        Defendant.

06-CV-0427E

MEMORANDUM and ORDER

---

Plaintiff has applied to the Court for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1) (Docket No. 10). Under 42 U.S.C. § 2000e-5(f)(1), the Court may appoint counsel "in such circumstances as the court may deem just."

It is clear that assignment of counsel in this matter is within the judge's discretion. *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983). The factors to be considered in the Second Circuit in deciding whether or not to assign counsel are set forth in *Jenkins* and include consideration of the following matters: the plaintiff's ability to afford a private attorney; the efforts taken by the plaintiff to obtain a lawyer; the availability of counsel in the geographical area and the plaintiff's possible skill or lack of skill at obtaining such help as well as the number of contacts with potential counsel; examination of the merits of the plaintiff's case (according appropriate weight to the conclusion of the Equal Employment Opportunity Commission (the "EEOC")); plaintiff's ability to gather and present crucial facts; and the complexity of the legal issues raised in the complaint. *Id.*, at 880.

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a

volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the $_{***}$ claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, the New York State Division of Human Rights' conclusion in this matter, which was adopted by the EEOC, indicates that there are substantial weaknesses in plaintiff's claims. In addition, the Court notes that there are a very limited number of area attorneys willing and able to handle employment discrimination cases on a *pro bono* basis. While plaintiff states that he contacted some attorneys but cannot afford to retain one because he is "disabled" due to this matter, the Court notes that the inability to locate counsel is only one of the factors in determining whether to appoint counsel. Based on this review, the Court finds that assignment of counsel is not warranted at this time. It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*. 28 U.S.C. § 1654.

Further, in order to assist plaintiff in pursuing his case *pro se*, the Clerk of the Court is directed to send plaintiff a copy of the Court's booklet entitled Pro Se Litigation If plaintiff has not already received a copy of the Court's booklet entitled Pro Se Litigation Guidelines

when he filed the case, the Court suggests that he call the Clerk's Office and ask that one be sent to him.

    SO ORDERED.

DATED:    Buffalo, New York
             April 5, 2007

                                                /s/ John T. Elfvin
                                                JOHN T. ELFVIN
                                       UNITED STATES DISTRICT JUDGE