-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH FARREN,

        Plaintiff,

        -v-

SHAW ENVIRONMENTAL, INC.,

        Defendant.

**DECISION and ORDER**
06-CV-427S

---

It has come to the Court's attention, by the filing by defendant's counsel of a suggestion of death on the record, pursuant to Fed.R.Civ.P. 25(a), (Docket No. 19), that the plaintiff, Kenneth Farren, has died.

The deceased plaintiff had filed a complaint against his former employer, defendant Shaw Environmental, Inc., alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Under New York law, which must be applied in these circumstances, *Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998), this federal civil rights action survives plaintiff's death and may be asserted by his "'personal representative' who has received letters from a court to administer the [decedent]'s estate." *See Estate of Vaiselberg ex rel Vaiselberg v. Snow*, No. 02 Civ. 6235, 2003 WL 1878248, at *1 (S.D.N.Y. 2003); *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982); N.Y. Estates, Powers and Trusts Law §§ 1-2.13, 11-3.2(b) (McKinney 2001);[1] *see also Estwick v. U.S.Air Shuttle*, 950 F.Supp. 493 ("To the extent that plaintiff's

---

[1] N.Y. E.P.T.L., § 1-2.13 provides, in relevant part:

A personal representative is a person who has received letters to administer the estate of a

pending civil rights action set forth cognizable claims that survived his death, such claims may be asserted, if at all, by plaintiff's estate.") (citations omitted).

Rule 25(a) of the Federal Rules of Civil Procedure provides that the representatives or successors to the deceased party may move for substitution of parties in order to pursue the claims that survive death.  This motion must be made **within 90 days** after the death is "suggested upon the record" through service of a statement of fact of the death, which was filed in this case on September 24, 2007.  (Docket No. 19.)

The Court notes that the deceased plaintiff's widow, Ann Farren, has contacted the Pro Se Office relating to the status of this action following her husband's death.

Accordingly, the Court directs the Clerk of the Court to notify the deceased plaintiff's relations of the pendency of this action by mailing a copy of this Order, together with a copy of the original complaint to Ann Farren, the deceased plaintiff's widow, at the deceased plaintiff's address as noted on the docket report.   Mrs. Farren or the representatives of plaintiff's estate are directed to file a Motion for Substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure, if any, by **December 28, 2007**.[2]  **In the event that Mrs.**

---

decedent. . . .

N.Y. E.P.T.L., § 11-3.2(b) provides, in relevant part:

b) Action by personal representative for injury to person or property.

No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent. . . .

[2]The Court notes that whomever may be appointed the personal representative of Mr. Farren's estate will, in all likelihood, not be able to represent the estate *pro se*.  "[A] person ordinarily may not appear pro se in the cause of another person or entity."  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998).  The Second Circuit has held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the

**Farren or plaintiff's representatives do not file their motion as directed, the complaint will be dismissed pursuant to Rule 25(a) without prejudice, and the Clerk of the Court shall close this case without further order.**

SO ORDERED.

Dated:      November 2, 2007
            Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge

---

litigant." *Pridgen*, 113 F.3d at 393.  Accordingly, if Mrs. Farren or someone else is appointed as administratrix or executrix of Mr. Farren's estate, he or she will, in all likelihood, need to retain counsel to prosecute this matter on behalf of the estate.  The Court also notes it may appoint counsel to represent the interests of an indigent party.  *See* 28 U.S.C. § 1915(e)(1).  District courts have wide discretion in determining whether to appoint counsel to indigent claimants pursuant 28 U.S.C. § 1915(e), *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986), but they "should not grant such applications indiscriminately." *Curtis v. Rowland*, No. Civ. 3:00CV1378 (PCD), 2001 WL 789318, at *1 (D.Conn. Feb.1, 2001) (quoting *Cooper v. A Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989)).