UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH FARREN,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                      06-CV-427S

SHAW ENVIRONMENTAL INC.,

                Defendant.

1.      The plaintiff in this action, Kenneth Farren, passed away on September 19, 2007. (Docket No. 19.) Defendant filed a Suggestion of Death on September 24, 2007. (Docket No. 19.) On November 6, 2007, this Court directed Plaintiff to file a Motion for Substitution of Party on or before December 28, 2007. (Docket No. 21.) Plaintiff filed the motion on December 27, 2007. (Docket No. 24.)

2.      Thereafter, on December 28, 2007, this Court directed Defendant to file a response to Plaintiff's motion on or before January 17, 2008. (Docket No. 27.) On that date, Defendant filed a Cross Motion to Dismiss Plaintiff's Complaint, which included opposition to Plaintiff's Motion for Substitution of Party. (Docket Nos. 28-31.) On January 24, 2008, Plaintiff filed a Motion for Extension of Time, requesting 30 days after a decision on the Motion for Substitution of Party to file a response to Defendant's Motion to Dismiss. (Docket No. 32.) For the following reasons, both of Plaintiff's motions are granted.

3.  The substitution of parties due to death is governed by Rule 25(a) of the Federal Rules of Civil Procedure, which provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

4.  A proper party under Rule 25 is a legal representative of the deceased. See Sinito v. United States Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999.) For example, proper parties include "(1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate." Roe v. City of New York, No. 00 Civ. 9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

5.  Here, Plaintiff seeks to substitute the deceased plaintiff's wife, Ann Farren, as the plaintiff in this action. She is the Administratrix of the Estate of Kenneth Farren. Defendant opposes the motion based on its position that (1) Kenneth Farren's previous dilatory tactics prevented his deposition from being taken, and (2) further prosecution of this matter would be futile because the evidence does not support Plaintiff's claims. (Kelleher Decl., Docket No. 29, ¶ 1.) Although these may be grounds for dismissal of the Complaint, they do not serve as effective opposition to a Motion for Substitution of Party,

which is largely a procedural motion.  Consequently, this Court will grant Plaintiff's motion to substitute Ann Farren, as the Administratrix of the Estate of Kenneth Farren, as the plaintiff in this action under Rule 25(a)(1).

IT HEREBY IS ORDERED, that Plaintiff's Motion for Substitution of Party (Docket No. 24) is GRANTED.

FURTHER, that "Ann Farren, as Administratrix of the Estate of Kenneth Farren" is substituted as the plaintiff in this action pursuant to Rule 25(a)(1).

FURTHER, that the Clerk of the Court is directed to amend the caption of this case to reflect the new, proper plaintiff.

FURTHER, that Plaintiff's Motion to Extend Time (Docket No. 32) is GRANTED. Plaintiff shall file a response to Defendant's Cross Motion to Dismiss (Docket No. 28) on or before March 7, 2008.  Defendant shall file a reply, if any, on or before March 21, 2008. Oral argument on Defendant's Motion to Dismiss will be scheduled by separate order if it is deemed necessary by this Court upon receipt and review of the motion papers.

SO ORDERED.

Dated:   February 6, 2008
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge