UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANN FARREN, as Administratrix of
the Estate of Kenneth E. Farren,

                Plaintiff,

    v.                                    **DECISION AND ORDER**
                                              06-CV-427S

SHAW ENVIRONMENTAL, INC.,

                Defendant.

       1.      On January 17, 2008, Shaw Environmental, Inc., filed a Cross Motion to Dismiss Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion is denied.

       2.      On November 24, 2006, the Honorable John T. Elfvin, the district judge to whom this case was formerly assigned, issued an order setting a discovery deadline of March 5, 2007, and scheduling a status conference for May 11, 2007. Plaintiff at the time, Kenneth E. Farren, failed to produce discovery materials as directed and failed to appear at the May 11, 2007 status conference.

       3.      Accordingly, on May 18, 2007, Judge Elfvin issued an Order requiring Farren to show cause why his case should not be dismissed for failure to prosecute. Farren, acting pro se, filed a response on May 25, 2007, explaining that he failed to appear because of a severe illness in his family. Judge Elfvin accepted this explanation as sufficient cause and determined that an Order of Dismissal would not issue. Instead, he issued another extended the discovery deadline to October 1, 2007.

       4.      On September 10, 2007, Farren filed discovery material, but he then passed away unexpectedly on September 19, 2007, before his deposition could be scheduled.

Farren's widow, Ann Farren, has been substituted as the plaintiff in this action in her capacity as administratrix of Kenneth Farren's estate.

5.  Defendant argues that Plaintiff's Complaint should be dismissed under Rule 41(b) for failure to prosecute because Farren failed to timely produce discovery materials, which prevented Defendant from taking his deposition. Now with Farren's unexpected passing, Defendant argues that it has suffered "irrevocable prejudice" because Farren cannot be deposed.[1] Plaintiff argues that this case should not be dismissed because Judge Elfvin excused Farren's previous discovery failures and extended the discovery deadline to October 1, 2007, a date within which Farren filed his discovery materials.

6.  Rule 41(b) of the Federal Rules of Civil Procedure provides that

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

The rule does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its

---

[1] Defendant's argument that allowing this case to proceed would be futile because Plaintiff's case will ultimately fail on the merits is unpersuasive and better made in the context of a motion for summary judgment.

discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

7. Under the circumstances of this case, this Court finds that dismissal for failure to prosecute is unwarranted. First, Farren was proceeding pro se when he was the plaintiff in this action. Second, any discovery failures attributable to Farren were excused by Judge Elfvin when he permitted this case to proceed and extended the discovery deadline to October 1, 2007. Third, Farren complied with Judge Elfvin's order and timely filed his discovery materials on September 10, 2007. This Court understands that Farren's unexpected passing has resulted in both sides being deprived of his deposition testimony. Nonetheless, this Court cannot conclude that there has been a failure to prosecute this action. Accordingly, Defendant's motion will be denied and this case will be referred to a Magistrate Judge for further proceedings.

IT HEREBY IS ORDERED, that Defendant's Cross Motion to Dismiss (Docket No. 28) is DENIED.

SO ORDERED.

Dated:   August 4, 2008
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge